IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN TIEBOUT, | : | 1:16-CV-02247-YK |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| vs. | : | |
| ROBERT SHAW, KELLY EVANS, JOHN MISQUITTA, | : | (Magistrate Judge Carlson) |
| Defendants, | : | |

## REPORT AND RECOMMENDATION

### I.   Factual Background

The plaintiff, John Tiebout, a parolee under the supervision of the Pennsylvania Board of Probation and Parole, filed the above-captioned action on November 7, 2016, together with an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 1 and 2.) Tiebout's complaint was a spare document, and appeared to be predicated on the plaintiff's frustration with the fact that he has been assigned to live for a period in a halfway house under supervision of the Pennsylvania Board of Probation and Parole, instead of being permitted to reside with his fiancée, which he would prefer. Alleging that this halfway house confinement interfered with his cohabitation rights, the plaintiff sought injunctive relief, which would apparently have this Court find that the

plaintiff enjoys a constitutional right to be free from confinement in a halfway house, and a concomitant right to cohabitate with his fiancée. Because the complaint, in its current form, failed to allege facts that would give rise to a cognizable federal constitutional claim, we recommended that the complaint be dismissed *sua sponte*, with leave given to allow the plaintiff to file an amended complaint if he is able to allege additional facts that could support a claim. (Doc. 5.) The district court adopted this recommendation on December 1, 2016, and allowed Tiebout 20 days in which to amend his complaint. (Doc. 7.) That period has now passed without any action on Tiebout's part to correct his complaint or pursue this litigation. On these facts, it is now recommended that this case be dismissed with prejudice.

**II.     Discussion**

    **A.     The Complaint Should Now Be Dismissed With Prejudice**

While our initial screening analysis called for dismissal of this action, the Court provided Tiebout a final opportunity to further litigate this case by ordering him to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in numerous ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007),

unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case Tiebout was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, this precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

<u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, consistent with the prior practice of this court, it is recommended that the complaint now be dismissed with prejudice as frivolous without further leave to amend.  <u>See, e.g.,</u> <u>Pratt v. Fisher</u>, No. 1:12-CV-2364, 2013 WL 655131, at *1 (M.D. Pa. Feb. 21, 2013)(Conner, J.); <u>Wicks v. Barkley</u>, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013)(Mariani, J.); <u>Davis v. Superintendent, SCI Huntingdon</u>, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013)(Mariani, J.).

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed. The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge

shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of December, 2016.

>*S/Martin C.  Carlson*
>Martin C. Carlson
>United States Magistrate Judge