# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TIEBOUT,<br>    Plaintiff | :<br>:<br>:    No. 1:16-cv-2247 |
| v. | :<br>:    (Judge Kane)<br>: |
| ROBERT SHAW, KELLY EVANS, and<br>JOHN MISQUITTA,<br>    Defendants | :    (Magistrate Judge Carlson)<br>:<br>: |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 7, 2016, pro se Plaintiff John Tiebout initiated the above-captioned action by filing a complaint and a motion for leave to proceed in forma pauperis. (Doc. Nos. 1, 2.) On November 8, 2016, upon screening the complaint as required by 28 U.S.C. § 1915A, Magistrate Judge Carlson entered a Report and Recommendation in which he recommended dismissal of the complaint without prejudice for failure to state a claim under to 42 U.S.C. § 1983. Specifically, Magistrate Judge Carlson found that Plaintiff failed to "identify any federal constitutional or statutory right that the defendants allegedly violated by refusing his demand to be released from confinement in a halfway house under supervision so that he can reside with his fiancee." (Doc. No. 5 at 4.) On December 1, 2016, the Court adopted Magistrate Judge Carlson's Report and Recommendation and dismissed Plaintiff's complaint without prejudice, permitting Plaintiff twenty (20) days from the date of its Order to amend his complaint to correct the pleading deficiencies identified by Magistrate Judge Carlson in his Report and Recommendation. (Doc. No. 7.)

Upon Plaintiff's failure to file an amended complaint within twenty days of the Court's Order, on December 29, 2016, Magistrate Judge Carlson issued a Report and Recommendation

recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. (Doc. No. 8.) No timely objections to Magistrate Judge Carlson's Report and Recommendation have been filed. At this time, no operative pleading exists on the docket as the initial complaint has been dismissed, and Plaintiff has since failed to file an amended complaint.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and "by virtue of its inherent powers," a district court may sua sponte dismiss a suit for failure to prosecute Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729 (3d Cir. 2007); see Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."). A dismissal under Rule 41(b) constitutes an adjudication on the merits, barring any further action between the parties. Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992). Decisions regarding whether to dismiss an action under Rule 41(b) are committed to the sound discretion of the district court. Emerson v. Thiel College, 296 F.2d 184, 190 (3d Cir. 2002). In exercising this discretion, however, the district court is required to balance six factors enumerated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), prior to dismissing a case under Rule 41(b).[1] Emerson, 296 F.3d at 190. The factors include:

---

[1] While a district court must ordinarily balance the six Poulis factors to determine whether sua sponte dismissal under Rule 41(b) is appropriate, the Third Circuit has acknowledged in a non-precedential per curiam opinion that application of the Poulis factors is unnecessary in circumstances where the plaintiff fails to file an amended complaint in accordance with a court order, as the "litigant's conduct makes adjudication of the case impossible." Azubuko, 243 F. App'x at 729 (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990)); see Shipman v. Delaware, 381 F. App'x 162, 163 (3d Cir. 2010) ("But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary."); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

Applying the Third Circuit's reasoning in Azubuko to this case, it appears that

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis, 747 F.2d at 868).  The Poulis factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, no one factor is determinative. Id. at 1373.

With regard to factor (1), as Plaintiff is proceeding pro se in this matter, the Court must view him as personally responsible for his failure to comply with the Court's Order.  Further, as to factor (6) and the meritoriousness of Plaintiff's claim, Magistrate Judge Carlson's initial screening of Plaintiff's complaint revealed that Plaintiff failed to identify any constitutional or statutory right allegedly violated by his inability to reside with his fiancee instead of in a halfway house.  Finally as to factor (5), as there is currently no operative pleading on the docket in this matter, it is difficult to see what course the Court can take other than dismissal.[2]

---

conducting a balancing of the Poulis factors would be unnecessary.  Specifically, by Order dated December 1, 2016, the Court dismissed Plaintiff's initial complaint on the recommendation of Magistrate Judge Carlson, on the basis that Plaintiff failed to state a claim for a federal constitutional or statutory violation.  Despite the Court's grant of leave to amend his complaint to correct the defects identified by Magistrate Judge Carlson in his Report and Recommendation, Plaintiff did not file an amended complaint, thereby rendering any future adjudication of his claims impossible.  Recognizing that Azubuko is a non-precedential case, however, the Court proceeds with the factor-by-factor Poulis analysis out of an abundance of caution.

[2] Only factor (3) weighs in favor of Plaintiff, as given the early stages of this case, the Court cannot find a "history of dilatoriness" here.  The Court has no information upon which to evaluate factors (2) and (4); accordingly, the Court views them as neutral in its analysis.

**ACCORDINGLY**, on this 24th day of January 2017, upon independent review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation of Magistrate Judge Carlson (Doc. No. 8);

2. Plaintiff's complaint (Doc. No. 1), is **DISMISSED WITH PREJUDICE**; and

3. The Clerk of Court is directed to close this case.

 s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania